**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CANDIDO RODRIGUEZ, LEWIS REYES, and WENDY JOEL ESTEVEZ,
*on behalf of themselves, FLSA Collective Plaintiffs, and the Class,*

    Plaintiffs,

    v.

RICO POLLO #2 RESTAURANT CORP.
    d/b/a RICO POLLO,
LOS HERMANOS RESTAURANT CORP.
    d/b/a RICO POLLO,
JUAN F. PUNTIEL, CLEMENTE DE LA CRUZ and JOHN DOE #1-10,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiffs, CANDIDO RODRIGUEZ, LEWIS REYES, and WENDY JOEL ESTEVEZ ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, LOS HERMANOS RESTAURANT CORP., d/b/a RICO POLLO, RICO POLLO

1

#2 RESTAURANT CORP. d/b/a RICO POLLO (the "Corporate Defendants"), JUAN F. PUNTIEL, CLEMENTE DE LA CRUZ and JOHN DOE #1-10 (the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid wages including over time due to a fixed salary, (2) unpaid wages due to invalid tip credit, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid wages including over time due to a fixed salary, (2) unpaid wages due to invalid tip credit, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, CANDIDO RODRIGUEZ is a resident of Kings County, New York.

6. Plaintiff, LEWIS REYES is a resident of Queens County, New York.

7. Plaintiff, WENDY JOEL ESTEVEZ is a resident of Kings County, New York.

8. Defendants operate two restaurants under the common trade name "RICO POLLO" located at:

   a) 55-37 MYRTLE AVE, RIDGEWOOD, NEW YORK 11385 ("Rico Pollo #1")

   b) 3352 FULTON STREET, BROOKLYN, NEW YORK 11208 ("Rico Pollo #2") (together, the "Restaurants").

9. Corporate Defendant, LOS HERMANOS RESTAURANT CORP. d/b/a RICO POLLO is a domestic business corporation organized under the laws of the State of New York, with an address for service of process and principle place of business located at 55-37 MYRTLE AVENUE, RIDGEWOOD, NEW YORK 11385.

10. Corporate Defendant, RICO POLLO #2 RESTAURANT CORP. d/b/a RICO POLLO is a domestic business corporation organized under the laws of the State of New York, with an address for service of process and principal place of business located at 3352 FULTON STREET, BROOKLYN, NEW YORK 11208.

11. Corporate Defendants operate as a single integrated enterprise. Specifically, the Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose:

   a) Corporate Defendants are commonly owned and operated by the Individual Defendants and by the Corporate Defendants.

   b) Corporate Defendants share the same trade name "Rico Pollo".

   c) Corporate Defendants have the same corporate leadership. Individual Defendants JUAN F. PUNTIEL and CLEMENTE DE LA CRUZ are

3

owners and/or officers of Corporate Defendants, and are in charge of all aspects of management and operations for each of the Corporate Defendants.

    d) Corporate Defendants maintain centralized labor relations, human resources, and payroll operations; employment policies are formulated centrally by senior officials for Corporate Defendants.

    e) Corporate Defendants interchanged supplies, food, and employees between the two Rico Pollo locations.

12. Individual Defendant, JUAN F. PUNTIEL, is the principal, owner, and or manager of each of the Corporate Defendants. Defendant JUAN F. PUNTIEL exercised control over the terms and conditions of the Plaintiffs, FLSA Collective Plaintiffs and Class members. JUAN F. PUNTIEL exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, the FLSA Collective Plaintiffs and the Class members. At all times, employees could complain to Defendant JUAN F. PUNTIEL directly regarding any of the terms of their employment, and Defendant JUAN F. PUNTIEL would have the authority to effect any changes to the quality and terms of employee's employment, including changing their schedule, compensation, or terminating or hiring such employees. JUAN F. PUNTIEL also had the power and authority to supervise and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

13. Individual Defendant, CLEMENTE DE LA CRUZ, is the principal, owner, and or manager of each of the Corporate Defendants. Defendant CLEMENTE DE LA CRUZ exercised control over the terms and conditions of the Plaintiffs, FLSA Collective Plaintiffs and Class members. CLEMENTE DE LA CRUZ exercised the power and authority to (i) fire

and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, the FLSA Collective Plaintiffs and the Class members. At all times, employees could complain to Defendant CLEMENTE DE LA CRUZ directly regarding any of the terms of their employment, and Defendant CLEMENTE DE LA CRUZ would have the authority to effect any changes to the quality and terms of employee's employment, including changing their schedule, compensation, or terminating or hiring such employees. CLEMENTE DE LA CRUZ also had the power and authority to supervise and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

14. At all relevant times, the Corporate Defendants were and continue to be "enterprises engaged in commerce" within the meaning of the FLSA and the New York Labor Law.

15. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in New York State, (including delivery persons, waiters, runners, bussers, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants on or after the date that is six (6) years before the filing of the initial Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay

provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium for hours worked in excess of forty (40) each workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiffs brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, (including delivery persons, waiters, runners, bussers, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of amongst others, servers, delivery persons, runners, bussers, and bartenders ("Tipped Subclass") who also number more than forty (40). Plaintiffs, LEWIS REYES, and WENDY JOEL ESTEVEZ, are members of both the Class and the Tipped Subclass.

22. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of (i) failing to pay wages including over time due to a fixed salary (ii) failing to pay spread of hours, (iii) failing to provide Class members with proper wage statements with every payment of wages, and (iv) failing to provide proper wage notices to Class members, at date of hiring and annually, per requirements of the NYLL.

23. With regards to Plaintiffs LEWIS REYES, and WENDY JOEL ESTEVEZ, and the Tipped Subclass, Defendants' also failed to pay them the proper minimum wage and proper overtime due to Defendants' policy and practice of claiming an invalid tip credit. Defendants were not permitted to claim a tip credit because Defendants claimed tip credit for

all hours worked despite having caused tipped employees to engage in non-tipped duties for twenty percent (20%) or more of his workday.

24. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these

costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and Class members;

    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

    d. Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

    e. Whether Defendants failed to pay Plaintiffs and Class members overtime premium for all hours worked in excess of forty (40) each workweek;

    f. Whether Defendants provided proper notice to Plaintiffs and the Tipped Subclass that Defendants were taking a tip credit;

    g. Whether Defendants provided proper wage statements informing Plaintiffs and the Tipped Subclass of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

    h. Whether Defendants failed to pay Plaintiffs and Class members spread of hours premium for each shift exceeding ten (10) hours in duration;

    i. Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required NYLL; and

    j. Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the NYLL.

## STATEMENT OF FACTS

29. *Plaintiff CANDIDO RODRIGUEZ:*

(a) On or about December 9, 2013, Plaintiff CANDIDO RODRIGUEZ was hired by Defendants to work as a cook for Defendants' "RICO POLLO #2" restaurant located at 3352 FULTON STREET, BROOKLYN, NY 11208. On or about June 2014, Plaintiff was transferred to "RICO POLLO #1" restaurant located at 55-37 MYRTLE AVENUE, RIDGEWOOD, NEW YORK 11385.

    (b) Plaintiff CANDIDO RODRIGUEZ was employed by Defendants until March 22, 2020.

    (c) Throughout his employment Plaintiff CANDIDO RODRIGUEZ worked over forty (40) hours per week. Specifically, from the start of employment to June 2014, his regular work schedule was six (6) days per week, from 12:00 a.m. to 9:00 a.m., for a total of approximately fifty-four (54) hours per week. From June 2014 to January 2017, six (6) days per week, from 2:00 p.m. to 12:00 a.m., for a total of sixty (60) hours per week. From January 2017 to January 2019, six (6) days per week, from 8:00 a.m. to 6:00 p.m., for a total of sixty (60) hours per week. From January 2019 to February 2020, six (6) days per week, from 8:00 a.m. to 4:00 p.m., for a total of forty-eight (48) hours per week. From February 2020 to end of employment, six (6) days per week, from 8:00 a.m. to 3:00 p.m., for a total of forty-two (42) hours per week.

    (d) Throughout Plaintiff's employment by Defendants, Plaintiff received a fixed salary rate. From start of employment to January 2019, Plaintiff was paid at a rate of $360.00 per week. From January 2019 to January 2020, Plaintiff was paid at a rate of $390.00 per week. From January 2020 to end of employment, Plaintiff was paid at a rate of $420.00 per week. Plaintiff was always paid his entire fixed weekly salary in cash without paystubs. Similarly, FLSA Collective Plaintiffs and Class Members were also paid by Defendants at fixed weekly rates in cash only.

30.    *Plaintiff LEWIS REYES:*

(a) On or about January 18, 2019, Plaintiff LEWIS REYES was hired by Defendants to work as a porter for Defendants' "RICO POLLO #1" restaurant located at 55-37 MYRTLE AVENUE, RIDGEWOOD, NEW YORK 11385, but was frequently asked to take things to the "RICO POLLO #2" restaurant located at 3352 FULTON STREET, BROOKLYN, NY 11208. For the last three monthes of his employment, Plaintiff worked as a delivery person.

(b) Plaintiff LEWIS REYES was employed by Defendants until March 2020.

(c) As a porter, Plaintiff's work schedule was five (5) days per week, from 4:00 p.m. to 11:00 p.m., for a total of approximately thirty-five (35) hours per week. As a delivery person, Plaintiff's work schedule was five (5) days per week, from 8:00 a.m. to 3:00 p.m., for a total of forty (40) hours per week.

(d) Throughout Plaintiff's employment by Defendants, Plaintiff received a fixed salary rate. As a porter, Plaintiff was paid at a rate of $100.00 per day. As a delivery person, Plaintiff was paid at a rate of $460.00 per week. Plaintiff was always paid his entire fixed weekly salary in cash without paystubs. Similarly, FLSA Collective Plaintiffs and Class Members were also paid by Defendants at fixed weekly rates in cash only.

(e) During Plaintiff's employment with Defendants, Plaintiff was required to engage in various non-tipped activities, such as dishwashing, cleaning restaurant, cooking, filling the fridge, transferring food between restaurant

locations, and preparing the food, for twenty percent (20%) or more of the workday.

31. *Plaintiff WENDY JOEL ESTEVEZ:*

    (a) On or about November 2018, Plaintiff WENDY JOEL ESTEVEZ was hired by Defendants to work as a delivery person for Defendants' "RICO POLLO #1" restaurant located at 55-37 MYRTLE AVENUE, RIDGEWOOD, NEW YORK 11385, but was frequently asked to take things to the "RICO POLLO #2" restaurant located at 3352 FULTON STREET, BROOKLYN, NY 11208.

    (b) Plaintiff WENDY JOEL ESTEVEZ was employed by Defendants until March 2020.

    (c) Plaintiff's work schedule from the start of employment to January 2019 was six (6) days per week, from 2:00 p.m. to 12:00 a.m., for a total of approximately sixty (60) hours per week. From January 2019 to end of his employment, his schedule was five (5) days per week, from 3:00 p.m. to 11:00 p.m., for a total of forty (40) hours per week.

    (d) Throughout Plaintiff's employment by Defendants, Plaintiff received a fixed salary rate. From the start of his employment to December 2018, Plaintiff was paid at a rate of $380.00 per week. From December 2018 to end of his employment, Plaintiff was paid at a rate of $400.00 per week. Plaintiff was always paid his entire fixed weekly salary in cash without paystubs. Similarly, FLSA Collective Plaintiffs and Class Members were also paid by Defendants at fixed weekly rates in cash only.

(e) During Plaintiff's employment with Defendants, Plaintiff was required to engage in various non-tipped activities, such as dishwashing, cleaning restaurant, cooking, filling the fridge, transferring food between restaurant locations, and preparing the food, for twenty percent (20%) or more of the workday.

32. Although Plaintiffs regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid him overtime premium for hours that they worked in excess of forty (40), as required under the FLSA and NYLL. There was never any agreement that the fixed weekly salary that Defendants paid Plaintiffs covered the overtime hours in excess of forty (40) that Plaintiffs worked each week. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, but never received any overtime premium for the hours in excess of forty (40) that they worked each workweek.

33. Plaintiffs LEWIS REYES, and WENDY JOEL ESTEVEZ, FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiffs LEWIS REYES, and WENDY JOEL ESTEVEZ, FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for twenty percent (20%) or more of their workday.

34. Plaintiffs LEWIS REYES, and WENDY JOEL ESTEVEZ and other tipped employees did not receive notice that Defendants were taking a tip credit, in violation of the NYLL. In addition, Plaintiffs LEWIS REYES, and WENDY JOEL ESTEVEZ and the other

tipped employees did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment. They were also never informed in writing as to their hourly rate of pay and overtime rate of pay. Therefore any purported tip credit taken by Defendants with respect to Plaintiff and/or tipped employees is invalid.

35. During his employment by Defendants, Plaintiffs regularly worked shifts exceeding ten (10) hours in duration. However, they never received any spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium.

36. Defendants failed to provide Plaintiffs and Class members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

37. At all relevant times, Plaintiffs, FLSA Collective members and Class members were unlawfully paid by Defendants at hourly rates below the standard federal and New York State minimum wages.

38. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs reallege and reaver Paragraphs 1 through 38 of this Class and Collective Action Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, the Corporate Defendants had gross annual revenues in excess of $500,000.00.

43. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay the statutory minimum wage, and overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

44. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages including over time due to a fixed salary, and an equal amount as liquidated damages.

49. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiffs reallege and reaver Paragraphs 1 through 49 of this Class and Collective Action Complaint as if fully set forth herein.

At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

51. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

52. Defendants violated the rights of Plaintiffs and Class members under NYLL by failing to pay them "spread-of-hours" premiums for each day of their workweeks exceeding ten (10) hours in length.

53. Defendants willfully violated Plaintiffs and Class members' rights by paying them on a salary basis, in violation of NYLL because Plaintiffs and Class members are non-

exempt employees who must be paid on an hourly basis.

54. Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

55. Due to the Defendants' state law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid wages including over time due to a fixed salary, unpaid wages due to an invalid tip credit, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the NYLL;

d. An award of unpaid overtime compensation due under the FLSA and the NYLL;

e. An award of unpaid wages due under the FLSA and the NYLL, including those due to an invalid tip credit;

f. An award of unpaid "spread of hours" premium due under the NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage pursuant to 29 U.S.C. § 216;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, pursuant to 29 U.S.C. § 216;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, including spread of hours, pursuant to the NYLL;

k. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to F.R.C.P. 23;

n. Designation of Plaintiffs as Representatives of Class; and

o. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: November 24, 2020

                                                       Respectfully submitted,
                                                       By:   */s/ C.K. Lee*
                                                             C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiff and the Class*